IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAMANTHA M. FISHER,

    Petitioner,

    v.

ROBERT FRIZZELL, et al.,

    Respondent.

CASE NO. 2:18-CV-627
JUDGE MICHAEL H. WATSON
Magistrate Judge Chelsey M. Vascura

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the Petition, Respondent's Return of Writ, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

**Facts and Procedural History**

The Ohio Fourth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 2} On November 6, 2015, the Ross County Grand Jury returned an indictment that charged appellant with two counts of sexual battery in violation of R.C. 2907.03(7), both felonies of the third degree, after she was charged with engaging in sexual conduct with a 16-year-old student aide while she was a teacher. Appellant pled not guilty to both counts.
>
> {¶ 3} On April 5, 2016, appellant withdrew her guilty plea and pled guilty to both counts. On May 3, 2016, current counsel entered his appearance as counsel of record for appellant, and on May 6, 2016, appellant filed a motion to withdraw her plea. Appellant argued that her prior attorney informed her that sexual battery carried a 10-year registration period, not lifetime registration, and did not inform her of community notification. Appellant also objected to the Tier III Sex Offender Classification because, appellant argued, the classification violates due process, separation of powers, and constitutes cruel and unusual punishment.

{¶ 4} On May 23, 2016, the trial court held a hearing for three purposes: (1) to consider the motion to withdraw her plea, (2) to conduct appellant's sexual-offender classification hearing, and (3) to determine appellant's criminal disposition. The court first denied the motion for leave to withdraw her plea, noting that the trial court had properly notified appellant of the lifetime requirements at the change of plea hearing. The trial court then moved on to the classification hearing. The court noted that appellant violated R.C. 2907.03, a Tier III sex offense. The court instructed appellant on registration requirements and, after appellant's counsel argued that the Tier III classification as applied to appellant is unconstitutional, the court indicated that the classification is set by statute and the court has no discretion in the matter.

{¶ 5} Turning to the disposition, the victim urged that appellant not be subject to the lifetime registration and notification requirements. Once again, the court indicated that it had no discretion regarding the mandatory classification. The judge went on to state "I can't help but look at your life though and think it's been exemplary up to this point. You did a lot of things that would make me proud if I were your parent of what you've done in your life and I think that is remarkable for you." However, the court went on to say, "Unfortunately on the other side of the coin is the fact that you took advantage of a child that was in a horrible situation. His life circumstances made him, perhaps, more vulnerable than most children would be in his position. There's also the fact that we have to send a message to other teachers and other people in positions of authority that you can't abuse and take advantage of your position of authority and do such things."

{¶ 6} With that, the court sentenced appellant to serve 60 days in jail, but did allow work release, followed by 90 days of house arrest with work privileges, and required her to perform 200 hours of community service to be completed within 12 months. Further, the judge ordered appellant to complete a sex offender class, to be evaluated for substance abuse, to obtain and keep employment, to have no contact with the victim, and have no unsupervised conduct with children under 18 throughout the pendency of the case until completion of community control. This appeal followed.

{¶ 7} On May 25, 2016, appellant filed a motion to stay the registration sex offender classification, registration, and notification requirements pending an appeal. The trial court denied the request. On June 27, 2016, appellant filed a motion to stay registration requirements pending the disposition of her appeal with this court. On July 19, 2016, this court denied the motion.

*State v. Fisher*, 4th Dist. No. 16CA3553, 2017 WL 3585616, at *1-2 (Ohio Ct. App. Aug. 14, 2017). Petitioner asserted the following claims on direct appeal:

    FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN NOT OVERRULING APPELLANT'S TIER III SEX OFFENDER CLASSIFICATION BECAUSE THE MANDATORY SEX OFFENDER CLASSIFICATION IMPOSED UNDER SENATE BILL 10 CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT AND VIOLATES THE EIGHTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE OHIO CONSTITUTION."

SECOND ASSIGNMENT OF ERROR:

"THE TIER III SEX–OFFENDER REQUIREMENTS IMPOSED ON APPELLANT ARE UNCONSTITUTIONAL BECAUSE SENATE BILL 10 VIOLATES THE SEPARATION OF POWERS DOCTRINE."

THIRD ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT FAILED TO OVERRULE APPELLANT'S TIER III SEX OFFENDER CLASSIFICATION BECAUSE A SUFFICIENT NEXUS HAS NOT BEEN ESTABLISHED BETWEEN THE AUTOMATIC TIER III CLASSIFICATION OF THOSE IN VIOLATION OF R.C. 2907.03(A)(7), WHEN APPLIED TO INDIVIDUALS LIKE APPELLANT, AND THE GOVERNMENT'S INTEREST IN PREVENTING TEACHERS FROM TAKING UNCONSCIONABLE ADVANTAGE OF STUDENTS."

*Id*. at *1. On August 14, 2017, the appellate court affirmed the judgment of the trial court. *Id*. On February 28, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Fisher*, 152 Ohio St.3d 1410 (Ohio 2018).

On June 27, 2018, Petitioner filed this habeas corpus petition. She asserts, as her sole claim for relief, that given the facts of this case, imposition of a mandatory lifetime Tier III Sex Offender classification under Senate Bill 10 constitutes cruel and unusual punishment, in violation of the Eighth Amendment. It is the position of the Respondent that that this claim fails to warrant relief.[1]

---

[1] Respondent argues that the proper party respondent is the Ross County Sheriff's Office, rather than the named employees of the Ross County Probation Department, because Petitioner does not challenge her underlying conviction or status on community control, but her adjudication as a Tier III sex offender. (*Return of Writ*, ECF No. 3, PAGEID # 19-20.) Petitioner indicates that she is currently on community control. (*Petition*, ECF No. 1, PAGEID # 2.) Where a petitioner attacks a state-court judgment under which she has been placed on community control or

3

**In Custody Requirement**

Petitioner challenges the constitutionality of her mandatory classification as a Tier II sex offender under O.R.C. § 2950.01, which subjects her to lifetime registration and community notification requirements, as violating the Eighth Amendment and *Graham v. Florida*, 560 U.S. 48, 82 (2010) (holding that "[t]he Constitution prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide.") This Court lacks jurisdiction to consider this claim, because this claim fails to satisfy the "in custody" requirement for relief under 28 U.S.C. § 2254.

Habeas corpus is available only to challenge the constitutionality of a prisoner's custody. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Kirby v. Dutton*, 794 F.2d 245 (6th Cir. 1986). Thus, 28 U.S.C. § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Although the Supreme Court has not interpreted 28 U.S.C. § 2254 as requiring "that a prisoner be physically confined in order to challenge his sentence on habeas corpus," *Maleng v. Cook*, 490 U.S. 488, 491 (1989), "[t]he custody requirement of the habeas corpus statute is

---

probation, the proper respondent is the supervising officer and official in charge of the parole or probation agency. *See Beavers v. Franklin Cty. Adult Prob.*, No. 2:13-cv-00404, 2013 WL 6837549, at *2 (S.D. Ohio Dec. 23, 2013) (citation omitted)); Advisory Committee Notes, Rule 2(b), Rules Governing Section 2254 Cases (where the applicant is on probation or parole due to the state judgment he is attacking, "the named respondents shall be the particular probation or parole officer responsible for supervising the application, and the official in charge of the parole or probation agency[.]") However, Respondent correctly notes that Petitioner does not challenge her underlying conviction, but solely her status as a Tier III sex offender, and for the reasons discussed, this action is therefore subject to dismissal.

4

designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." *Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973) (holding that a petitioner who had been released on his own recognizance pending the execution of sentence was "in custody" for the purposes of federal habeas corpus).

Moreover, it is well settled that Petitioner's designation as a sexual predator designation simply does not satisfy the custodial requirement of § 2254. *See Bachman v. Wilson*, -- F. App'x --, 2018 WL 3995742, at *5 (6th Cir. Aug. 20, 2018) (citing *Leslie v. Randle*, 296 F.3d 518, 522-23 (6th Cir. 2002)); *Hautzenroeder v. Dewine*, 887 F.3d 737, 740-41 (6th Cir. 2018) (holding that Ohio's post-2007 enhanced Sex Offender Registration and Notification Act ("SORNA") requirements do not render a petitioner "in custody" so as to provide for relief under 28 U.S.C. § 2254). *See also Doty v. Warden, Toledo Corr. Inst.*, No. 1:12-cv-239, 2013 WL 429100, at *7 (S.D. Ohio Feb. 1, 2013) ("The Sixth Circuit has held that a petitioner, who attacks only his classification under Ohio's sex offender registration and reporting statute and not his underlying conviction and sentence, is not 'in custody' under the habeas statute" and the petition is subject to dismissal for lack of jurisdiction (citations omitted)).

**Recommended Disposition**

For the reasons set forth above, it is **RECOMMENDED** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE
