# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Samantha M. Fisher,

    Petitioner,

v.

Robert Frizzell, et al.,

    Respondent.

No. 2:18-CV-627

Judge Michael H. Watson

Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

On October 9, 2018, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. ECF No. 4. Petitioner has filed objections to the R&R. ECF No. 5. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the following reasons, Petitioner's Objections, ECF No. 5, are **OVERRULED**. The R&R, ECF No. 4, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

On April 5, 2016, Petitioner pleaded guilty in the Ross County Court of Common Pleas to two counts of sexual battery. The trial court sentenced her to a term of three years community control, plus 60 days in jail, and classified her as a Tier III Sex Offender. *See* Judgment Entry of Sentence, ECF No. 3-4, PAGEID # 69. As her sole claim for federal habeas corpus relief, Petitioner asserts that the imposition of a mandatory lifetime Tier III Sex Offender

classification under Ohio's Senate Bill 10 violates the Eighth Amendment. The Magistrate Judge recommended dismissal of this action based on the Court's lack of jurisdiction to consider the issue because Petitioner cannot satisfy the "in custody" requirement set forth in 28 U.S.C. § 2254. Petitioner objects to that recommendation.

Petitioner argues that the Sixth Circuit decision in *Leslie v. Randle*, 296 F.3d 518 (6th Cir. 2002), is not determinative of the issue of whether she can establish that she is "in custody" so as to obtain federal habeas corpus relief because *Leslie* involved Ohio's former sexual offender statutory scheme, rather than the significantly more onerous and punitive statute at issue here. Petitioner argues that *Hautzenroeder v. Dewine*, 887 F.3d 737, 740–41 (6th Cir. 2018), is also not dispositive because unlike the petitioner in that case, Petitioner remains subject to community control. Finally, Petitioner objects to the Court's consideration of *Doty v. Warden*, No. 1:12-cv-239, 2013 WL 429100 (S.D. Ohio Feb. 1, 2013), arguing that the *Doty* court's discussion of the issue was dicta.

These arguments are not well-taken. It is "well settled law" in the Sixth Circuit that a petitioner's sexual predator designation is not custodial for purposes of the Antiterrorism and Effective Death Penalty Act. *See Bachman v. Wilson*, No. 16-3479, 2018 WL 3995742, at *5 (6th Cir. Aug. 20, 2018) (citing *Leslie*, 296 F.3d at 522–23; *Hautzenroeder*, 887 F.3d at 740–41. The Sixth Circuit in *Hautzenroeder* recently affirmed that law as applied to Ohio's 2007 amendments to its sex offender registration scheme concluding that the

differences were insufficient to place a petitioner "in custody" for purposes of federal habeas corpus review.

> In *Leslie v. Randle*, we decided that a habeas petitioner's obligations under Ohio's sex offender registration law were "more analogous to collateral consequences such as the loss of the right to vote than to severe restraints on freedom of movement such as parole." 296 F.3d 518, 522–23 (6th Cir. 2002). But *Leslie* concerned Ohio's pre-2007 sex offender registration scheme. That year, Ohio revamped its law to align with the federal Sex Offender Registration and Notification Act ("SORNA"). See *State v. Bodyke*, 126 Ohio St.3d 266, 933 N.E.2d 753, 759 (2010). To prevail, therefore, *Hautzenroeder* must show that the new law's requirements so materially differ from the old regime's as to warrant a different result. She argues that several features of Ohio's SORNA meet this test. We are unpersuaded.

*Id.* at 740–41. It is immaterial that Petitioner remains subject to the restrictions of community control because she does not otherwise challenge her underlying judgment of conviction or sentence. She only challenges her designation as a Tier III Sex Offender. See *Moviel v. Smith*, No. 1:08-cv-1612, 2010 WL 148141, at *2 (N.D. Ohio Jan. 12, 2010) ("[P]recedent within this Circuit concludes that, even if the petitioner is currently incarcerated, a challenge of this nature fails to satisfy the 'in custody' requirement necessary to obtain habeas relief.") (citing *Ratliff v. Jefferys*, No. 3:06-cv-1931, 2007 WL 4248173 (N.D.Ohio Nov.30, 2007)). "The Sixth Circuit has held that a petitioner, who attacks only his classification under Ohio's sex offender registration and reporting statute and not his underlying conviction and sentence, is not 'in custody' under the habeas statute." *Doty*, 2013 WL 429100, at *6 (citing *Lewis v. Randle*, 36 F. App'x at 780–81). Further, and contrary to Petitioner's argument here, *Doty* was

dismissed both on statute of limitations grounds and because the petitioner had failed to meet the "in custody requirement." Thus, the decision in *Doty* remains persuasive authority.

For these reasons and for the reasons detailed in the R*R, Petitioner's Objections, ECF No. 5, are **OVERRULED**. The R&R, ECF No. 4, is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

Pursuant to Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court now considers whether to issue a certificate of appealability. *See* 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)). When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of Petitioner's claim as waived. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

The Clerk is **DIRECTED** to enter final **JUDGMENT**.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**